IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>GABRIEL CERDA-GUILLEN,<br><br>                    Defendant. | 8:16CR366<br><br>ORDER |

This matter is before the Court on the *pro se* motion (Filing No. 97) and Supplement (Filing No. 98) of defendant Gabriel Cerda-Guillen ("Cerda-Guillen") for reduction of his sentence under 18 U.S.C. § 3582(c)(a)(A), sometimes referred to as compassionate release. He also seeks appointment of counsel.

Cerda-Guillen primarily seeks relief because in his view, were he sentenced today, he would have received a lesser sentence. He also claims concerns about COVID infections and lock downs at his Bureau of Prisons ("BOP") facility.[1] For the reasons stated below, his motion is denied.

I.      BACKGROUND

Cerda-Guillen was charged in a two-count Indictment (Filing No. 1). Count I alleged a conspiracy to distribute and possess with intent to distribute 500 grams or more of a methamphetamine mixture in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

---

[1]Cerda-Guillen submits a laundry list of largely unsupported reasons for relief. For example, he claims he was a victim of abuse in BOP custody but simply attributes such abuse to COVID-19 and other general BOP lockdowns. Cerda-Guillen also inexplicably points to his "youth" at the time of the offense (48 years old). The Court has reviewed in great detail each of the arguments made by Cerda-Guillen.

Count II alleged a conspiracy to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 1956(h).

On December 21, 2023, Cerda-Guillen pleaded guilty to both Counts I and II of the Indictment. On May 24, 2024, he received a low-end guideline sentence of 262 months on Count I and 240 months on Count II, to be served concurrently (Filing No. 75). Cerda-Guillen also received a supervised release term of 5 years on Count I and 3 years on Count II, to run concurrently.

On June 6, 2024, Cerda-Guillen filed a Notice of Appeal (Filing No. 77). On November 1, 2024, the government filed a Motion to Dismiss Appeal and to Enforce Appeal Waiver (Filing No. 94) which was granted by the Eighth Circuit Court of Appeals.

On two prior occasions, Cerda-Guillen sought a reduction of his sentence under 18 United States Code 3582(c)(2) and Amendment 821 of the Sentencing Guidelines. Orders denying these requests were entered on September 24, 2024 (Filing No. 91) and on October 24, 2024 (Filing No. 93). This motion was filed on September 9, 2025 (Filing No. 97), with a Supplement filed on October 3, 2025 (Filing No. 98).

## II.  DISCUSSION

As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes Cerda-Guillen to ask the Court to "reduce [his] term of imprisonment for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion on his behalf. Pub. L. No. 115-391, 132 Stat. 5194 (2018). *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023) (noting a district court's discretion "to grant or deny relief" when those statutory requirements are met). Cerda-Guillen provided evidence that he has presented a number of broad requests for compassionate release to the warden of his BOP facility and has also provided BOP denials of his requests. The Court will proceed to the merits of the motion.

Congress has largely delegated the task of defining "what should be considered extraordinary and compelling reasons" for reducing a sentence to the United States Sentencing Commission ("Sentencing Commission"). In U.S.S.G. § 1B1.13 the Sentencing Commission has provided guidance on what a court should consider in ruling on a compassionate release request. U.S.S.G. § 1B1.13(c) provides, in pertinent part, that a "court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction . . . and the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(b) then provides guidance on what a court should consider as extraordinary and compelling reasons.

In many cases it is the medical circumstances of a defendant that drives compassionate release requests. Cerda-Guillen indicates in his form submission that he has high blood pressure and cellulitis, for which he is receiving medication. Cerda-Guillen also indicates in passing that he has other difficulties: psychological, mental, distress, anguish, fear, fatigue, high respiration, headache, extreme low back pain, and neck pain -- he provides no evidence of the existence or severity of these conditions. He also generally points to the medical history of his father. None of the medical conditions he lists rise to the level of extraordinary and compelling under U.S.S.G. § 1B1.13(b)(1).

Cerda-Guillen repeatedly makes reference to the possibility and fear of future COVID-19 outbreaks and the fact that he apparently endured lockdowns based on that outbreak in the past. That possibility, without more, does not provide extraordinary and compelling reasons for relief.

Cerda-Guillen also curiously raises age as a basis for relief. On one hand he refers to his relative youth at the time of the offense -- which was 48 years of age. An age concern, either in terms of relative youth or advanced age is of no help to him here. U.S.S.G. § 1B1.13(b)(2). He was 48 (not young) when he committed the crime, he is not yet 65 years old, nor has he served 10 years or 75% of his term of imprisonment.

Cerda-Guillen also references in his form submission that he was a victim of abuse under U.S.S.G. § 1B1.13(b)(4), but those allegations have to do with the hardships of BOP life and lockdown and do not rise to the level of "physical abuse resulting in 'serious bodily injury'. . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant."

Cerda-Guillen next argues in his Supplement that he was entitled to a mitigating role adjustment at the time of sentencing. Based upon the stipulated factual basis and the stipulations regarding guideline calculations, it is clear that Cerda-Guillen was not entitled to a mitigating role adjustment. Moreover, that issue, if it were to be raised at all, should have been raised by way of objection at sentencing or in his appeal. Cerda-Guillen makes several other general arguments regarding sentence disparity and the unsupported arguments regarding his original guideline calculation, all of which lack merit.

Cerda-Guillen's main argument that he is entitled to relief arises under U.S.S.G. § 1B1.13(c). Cerda-Guillen claims that he is entitled to compassionate release due to changes in law which have resulted in a lesser sentence at the time of sentencing. Cerda-Guillen never identifies the change in law. A review of the guideline calculation in this case along with the stipulations made by Cerda-Guillen in his plea agreement show that the base offense level and all of the adjustments were proper based upon Cerda-Guillen's stipulations. The role adjustments and adjustments for specific offense characteristics were properly calculated and there have been no changes in the guideline that would affect his calculation.[2]

Even if a change in law had occurred which would affect Cerda-Guillen's sentence, a defendant must "otherwise establish[] that extraordinary and compelling reasons warrant

---

[2] In his Supplement, Cerda-Guillen argues that he received a disproportionate sentence because his guidelines were calculated based on actual methamphetamine. However, his Base Offense Level was based on converted drug weight including a mixture or substance containing methamphetamine and marijuana.

a sentence reduction under this policy statement, a change in the law (including an amendment to the guidelines manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. § 1B1.13(c). In other words, such a change, by itself, does not constitute extraordinary and compelling reasons for relief.

Cerda-Guillen's statement regarding his programming and rehabilitation (which the Court commends), which can be considered in combination with other circumstances, also does not warrant relief in and of itself.

Having reviewed Cerda-Guillen's submission in light of U.S.S.G. § 1B1.13 and its policy statements as well as the 18 U.S.C. § 3553(a) factors, the Court finds that Cerda-Guillen has not established extraordinary and compelling reasons for relief. His motion for relief and his motion for appointment of counsel are therefore denied.

IT IS SO ORDERED.

Dated this 14th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge